FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 OCT 26 A 8:58
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

HEATHER N. BUCHANAN, )
)
    Plaintiff, )
)
v. ) CV 111-166
)
MICHAEL J. ASTRUE, Commissioner )
of Social Security Administration, )
)
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Heather N. Buchanan ("Plaintiff") appeals the decision of the Commissioner of Social Security (the "Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I. BACKGROUND

Plaintiff applied for DIB and SSI on February 19, 2010, alleging a disability onset date of June 1, 2009. Tr. ("R."), pp. 115-24. The Social Security Administration denied Plaintiff's applications initially, R. 49-52, and on reconsideration, R. 61-66. Plaintiff

requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a hearing on March 3, 2011. R. 24-40. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as a Vocational Expert ("VE"). See id. On May 3, 2011, the ALJ issued an unfavorable decision. R. 10-19.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant had not engaged in substantial gainful activity since June 1, 2009 (20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*).

2. The claimant had the following severe impairments: ischemic heart disease with or without angina, diabetes mellitus, diabetic retinopathy, hypertension, and heart attack (20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*).

3. The claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525, 404.1526, 416.925 & 416.926).

4. The claimant had the residual functional capacity ("RFC") to perform light work[1] except the claimant could no more than occasionally stoop, kneel, crouch, or crawl. She does not have the ability to climb ladders, ropes, or scaffolds. She should avoid concentrated exposure to extreme cold, extreme heat, and humidity, and hazards such as machinery and heights. Based on this RFC assessment, the claimant

---

[1] "Light work" is defined as work that involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

> is capable of performing past relevant work as a personnel clerk, administrative clerk, and telemarketer (20 C.F.R. §§ 404.1565 & 416.965).

R. 15-18.

Because the ALJ determined that Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from June 1, 2009, through May 3, 2011 (the date of the decision). R. 19. When the Appeals Council denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision. Plaintiff argues that the ALJ erred by failing to sufficiently address Plaintiff's diabetes mellitus singularly and in combination with her other impairments,[2] by failing to properly assess her credibility, and by failing to properly consider the testimony of the VE. (See doc. no. 7 (hereinafter "Pl.'s Br."), pp. 11-21.) The Commissioner maintains that the decision to deny Plaintiff's applications for benefits was supported by substantial evidence and should be affirmed. (See generally doc. no. 8 (hereinafter "Comm'r's Br.").)

---

[2]In the heading of the argument in her brief, Plaintiff contends that the ALJ "failed to adequately address Plaintiff's Type 1 diabetes mellitus, which was uncontrolled, in conjunction with her other severe medical impairments . . . ." (Doc. no. 7, p. 11.) In her argument, however, Plaintiff simply states that "the ALJ did not discuss Plaintiff's diabetes mellitus in his decision." (Id.) Similarly, in her reply brief, Plaintiff argues that the ALJ "mentioned it [her diabetes mellitus], but he did not discuss how it affected her, either alone, or in combination with her heart disease, diabetic retinopathy, and other conditions." (Doc. no. 9, p. 3.) Thus, the Court takes Plaintiff to mean that the ALJ failed to adequately address her diabetes mellitus singularly and in combination with her other impairments.

3

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548

4

(11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. ALJ's Failure to Address Plaintiff's Diabetes Singularly and in Combination with Her Other Impairments

Plaintiff's first allegation of error is that the ALJ improperly failed to address Plaintiff's uncontrolled Type 1 diabetes mellitus. Pl.'s Br., pp. 11-16; doc. no. 9 (hereinafter "Pl.'s Reply Br."), pp. 1-3. Plaintiff notes that the ALJ failed to address how Plaintiff's diabetes mellitus affected her, including the effect of Plaintiff's diabetes in combination with her other severe impairments. Pl.'s Br., p. 11; Pl.'s Reply. Br., p. 3. Plaintiff asserts, however, that there is evidence in the record that shows that her diabetes was uncontrolled, and that this evidence was relevant to the determination of whether Plaintiff could work. Id. at 11-12. The Commissioner argues that the ALJ sufficiently considered Plaintiff's diabetes, but properly focused primarily on Plaintiff's cardiac issues, as the "bulk of the evidence" related to those. Comm'r's Br., pp. 4-5. In particular, the Commissioner argues that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision is not a broad rejection which is not enough for this

5

Court to conclude that the ALJ considered her medical condition as a whole." Id. at 11 (citing Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). The Court finds Plaintiff has the better argument.

The principle that an ALJ need not specifically refer to every piece of evidence does not excuse the ALJ's failure to discuss, or even acknowledge, virtually all of the evidence in the record concerning what the ALJ classified as a severe impairment, R. 15. Unlike Dyer, in which the ALJ merely neglected to expressly reference pain medication the plaintiff was prescribed on a single occasion, the ALJ's decision in this case does not enable the Court "to conclude that [he] considered [Claimant's] medical condition as a whole." 395 F.3d at 1211; see also Brunson v. Astrue, 850 F. Supp. 2d 1293, 1305 (M.D. Fla. 2011) ("[T]here is a difference in failing to discuss a pain medication the plaintiff had been prescribed on one occasion (as was the case in Dyer) and failing to discuss probative evidence of one of [p]laintiff's diagnoses.").

Here, while the ALJ acknowledged that Plaintiff's diabetes mellitus was a severe impairment, R. 15, and that he considered her diabetes in a "function-by-function analysis" together with her other impairments, R. 16, he altogether failed to discuss the evidence in the record about Plaintiff's diabetes. Indeed, the only treatment notes the ALJ specifically discussed were at the Cardiovascular Clinic at the Medical College of Georgia ("MCG") in 2010. R. 16-17 (citing R. 457-58, 553-54). The ALJ stated that he assigned "great weight" to the treatment notes of the Medical College of Georgia. R. 17. In the first visit, in March 2010, Plaintiff was assessed as being "stable from cardiac standpoint" and "doing quite well." R. 457-58. In the second visit, in December 2010, Plaintiff's fatigue and sleepiness

were found to have improved after she was taken off a particular beta blocker, metoprolol. R. 553-54. Neither visit was concerned with Plaintiff's diabetes, however, only her cardiac issues, and in both visits Plaintiff was noted as having diabetes mellitus without elaboration. R. 458, 554. The ALJ also discussed an item of opinion evidence based on Plaintiff's responses to a "Cardiac Questionnaire" in May 2010, and emphasized that Plaintiff "reported the prescribed medications relieve her symptoms." R. 17 (citing R. 560). Again, however, this questionnaire was solely concerned with Plaintiff's "cardiac symptoms." R. 560.

Aside from noting that Plaintiff was assessed as having diabetes at the MCG visits, see R. 16-17, the ALJ did not discuss any medical evidence involving Plaintiff's complications due to her diabetes. Plaintiff, however, testified that one of the reasons she did not feel she could return to her former jobs is that her "diabetes is out of control." R. 31. Moreover, in her brief, Plaintiff identifies multiple items of evidence in the record showing that she had uncontrolled diabetes mellitus and complications therefrom during the period under consideration by the ALJ. Pl.'s Br., pp. 5-10 (citing R. 294, 326-28, 350-52, 353-54, 486-88). Thus, although the ALJ identified Plaintiff's diabetes as a severe impairment, he failed to explicitly address any of the evidence concerning Plaintiff's diabetes or the weight he afforded to it. Accordingly, the ALJ did not "take into account and evaluate the record as a whole."[3] McCruter, 791 F.2d at 1548.

---

[3] As noted earlier, see supra Part I, Plaintiff also assigns error to the ALJ for failing to address the VE's testimony in response to the following hypothetical (see Pl.'s Br., p. 18):

> You could further assume that I find that the individual suffers from complications from diabetes, colitis, and as a result must lie down at unpredictable intervals through the work day for in excess of two hours a day. Under the provisions of this hypothetical question could the individual return

7

The Commissioner also contends that "[t]he opinions of the state agency physicians provide additional substantial evidence in support of the ALJ's decision." Comm'r's Br., pp. 8-9. Where the opinions of state agency doctors are consistent with the objective medical evidence as a whole, an ALJ may assign significant weight to such opinions. See Jarrett v. Comm'r of Soc. Sec., 422 F. App'x 869, 874 (11th Cir. 2011) (*per curiam*). Here, the ALJ discussed the opinions of three state agency consultants: Richard Lawrence, M.D., Horace Ball, M.D., and Mary Payne, M.D. R. 17. The ALJ stated, however, that he assigned "little weight" to the opinions of Dr. Lawrence and Dr. Payne, and that he assigned "great weight" only to the opinion of Dr. Ball. R. 17. Yet Dr. Ball's assessment also failed to discuss any of Plaintiff's medical records concerning her diabetes and only noted that Plaintiff "alleges diabetes." See R. 523-30. Accordingly, Dr. Ball's opinion did not sufficiently consider the entire medical record, and the ALJ's reliance upon it does not save his failure to discuss the evidence of Plaintiff's diabetes mellitus.

Equally unavailing is the Commissioner's contention that "[t]he medical evidence simply does not establish that Plaintiff's diabetes mellitus, or that her diabetes mellitus combined with her other impairments, caused disabling limitations, and Plaintiff's statements about her symptoms are alone insufficient to establish disability." Commr's' Br., p. 6. In particular, the Commissioner emphasizes records showing that Plaintiff's diabetes may have been uncontrolled because of her failure to monitor her blood sugar, id. (citing R. 303, 328),

---

to any of her past relevant work?"

R. 39. The VE answered "No." Id. The Court agrees with Plaintiff that this too constitutes contrary evidence that the ALJ disregarded without explanation, and thus provides another example of how he failed to consider the record as whole. McCruter, 791 F.2d at 1548.

8

and the records of the MCG visits in 2010 showing that Plaintiff's cardiac symptoms improved with medication, id. at 7 (citing R. 457-58, 512-13, 553-54).

To the extent the Commissioner would have the Court make a *de novo* determination of the effects of Plaintiff's diabetes as discussed in the evidence omitted from the ALJ's decision and determine that Plaintiff's resulting RFC would remain the same, such a determination is for the ALJ, not this Court, to make in the first instance. See Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). Indeed, as noted above, the Court's "limited review [of the record] precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*) (citing Bloodsworth, 703 F.2d at 1239).

In sum, the ALJ failed to properly evaluate the evidence of Plaintiff's diabetes mellitus, and the Court cannot excuse this error based on the Commissioner's post-hoc assessment of the record. The Court is mindful of the difficulties of evaluating a claimant's impairments and weighing the relevant evidence. Nonetheless, the law requires the Commissioner to provide a well-reasoned, well-articulated decision. Without such an analysis, federal courts are unable to provide claimants with sound, meaningful review of the administrative decision. See Hudson v. Heckler, 755 F. 2d 781, 786 (11th Cir. 1985) (noting that in the absence of stating specifically the weight accorded each item of evidence, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence). The ALJ in this case

9

undoubtedly erred in failing to discuss nearly all of the evidence relating to one of Plaintiff's severe impairments, her diabetes mellitus. Accordingly, this case should be remanded for full consideration of the evidence of record concerning Plaintiff's diabetes mellitus.[4]

## B. ALJ's Failure to Properly Assess Plaintiff's Subjective Complaints

Plaintiff also contends that the ALJ failed to properly assess her subjective complaints regarding the disabling effects of her symptoms in assessing her RFC. As Plaintiff points out in her brief, see Pl.'s Br., pp. 9-10, she testified at the hearing about the severity of the symptoms related to her diabetes, stating that, depending on "how [her] blood sugars have run," she sometimes gets tired dressing herself or after driving her son to school, and that when her "blood sugars are crazy," it also "makes [her] eyes worse," makes her "dizzy," and causes her to "stumble" and "slur [her] words." R. 35-36. Plaintiff also testified that her blood sugar fluctuates "between real low and high" every day, and that she only "feel[s] good" one or two days per week. R. 36-37. Plaintiff thus argues that the ALJ erred in discounting her testimony about the severity of her symptoms, and in particular that

---

[4]Plaintiff further contends that, aside from failing to discuss Plaintiff's diabetes mellitus at all, the ALJ erred by failing to discuss the effect of Plaintiff's diabetes mellitus in conjunction with her other impairments. Pl.'s Br., p. 11. The Commissioner contends that because the ALJ stated that the claimant does not have a "combination of impairments that meets or medically equals one of the listed impairments . . . ," R. 16, that the ALJ considered the combined effect of Plaintiff's impairments "as he moved through the evaluation process," including when he made a finding regarding Plaintiff's RFC. Comm'r's Br., pp. 9-10. As the ALJ failed to adequately address the disabling effects of Plaintiff's diabetes mellitus individually, the Court does not find persuasive the Commissioner's argument that there is sufficient evidence that the ALJ considered Plaintiff's impairments in combination, even despite the ALJ's statement about Plaintiff's "combination of impairments," R. 16. See Wiggins v. Schweiker, 679 F.2d 1387, 1392 (11th Cir. 1982) ("[T]he ALJ must consider not only the disabling effect of [Plaintiff's] ailments individually, but also the combined effect of all the [Plaintiff's] impairments.")

the ALJ improperly relied on her daily activities to discredit her. Pl.'s Br., pp. 16-18. The Commissioner argues that the ALJ properly discredited Plaintiff based on the medical evidence of record and the opinions of the non-examining state agency doctors, and if the Court finds the ALJ improperly relied on Plaintiff's daily activities, any such error is harmless. Comm'r's Br., pp. 8-9. The Court finds that Plaintiff again has the better argument.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*).[5] As the

---

[5]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer, 395 F.3d at 1210-11.

In this case, the ALJ found that Plaintiff had the following severe impairments: ischemic heart disease with or without angina, diabetes mellitus, diabetic retinopathy, hypertension, and heart attack. R. 15. Moreover, the ALJ acknowledged some of Plaintiff's testimony, stating, "Claimant alleges she cannot work because she has problems checking her blood sugar levels, experiences high stress, and cannot see a computer monitor. Claimant also stated she experiences fatigue. She has difficulties standing for long periods, but no problems sitting." R. 18. Ostensibly applying the standard from Holt, supra, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above [RFC] assessment." Id. The ALJ also stated:

> In terms of claimant's allegations, the undersigned finds her assertions and testimony not fully credible. The medical record reflects claimant experiences limitation[s] imposed by her impairments; however, her limitations do not result in a total disability finding and claimant's activities of daily living are well beyond those of an individual who is completely disabled. Additionally, claimant has reported improvement with the prescribed medications.

Id.

The Court finds that, although the ALJ attempted to address Plaintiff's subjective

12

allegations, he did not sufficiently articulate his reasons for discrediting Plaintiff's allegations regarding her symptoms, particularly those related to her diabetes. After determining that Plaintiff's underlying medical conditions could reasonably be expected to give rise to the symptoms alleged, the ALJ rejected the allegations as to the severity of those symptoms, noting that "claimant has reported improvement with the prescribed medications." R. 18. As discussed above, see supra Part. III. A., the improvement Plaintiff reported was with respect to her cardiac symptoms, not those attributable to her diabetes. The ALJ failed to cite any evidence that showed Plaintiff reported improvement for the issues related to her diabetes, such as her problems with her vision or her dizziness. Moreover, as discussed earlier, the ALJ failed to address virtually all of the evidence in the record related to Plaintiff's diabetes, which further calls into question his purported reliance on the medical record to discredit Plaintiff's allegations. See id. Accordingly, the Commissioner's argument that "the inconsistency between Plaintiff's allegations and the medical record is alone sufficient to provide substantial evidence in support of the ALJ's [credibility] decision" is without merit. Comm'r's Br., p. 8.

Similarly without merit is the Commissioner's contention that the opinions of the state agency doctors provide substantial evidence in support of the ALJ's credibility determination. Id. at 8-9. As discussed earlier, the ALJ only assigned great weight to Dr. Ball's opinion, and Dr. Ball failed to consider Plaintiff's allegations of diabetes mellitus or the evidence in the record about that impairment. See supra Part III. A. Indeed, the Court notes that one of the state agency doctors, Dr. Lawrence, opined that Plaintiff's vision precluded "work involving fine discrimination such as . . . reading columns of small figures,

or reading small print," R. 507, but the ALJ assigned little weight to his opinion because it was "inconsistent with the other medical record evidence," R. 17, though the ALJ failed to cite which evidence contradicted it.

Finally, Plaintiff contends that the ALJ erred in relying on her daily activities to discredit her allegations of disabling limitations. Just as the ALJ failed to reference specific examples of medical evidence that controverted Plaintiff's testimony about her diabetes symptoms, he failed to adequately explain how Plaintiff's daily activities were inconsistent with her allegations that her symptoms as a whole were disabling. To the contrary, the ALJ stated:

> In reference to activities of daily living, claimant has the ability to bathe, clothe, and feed herself. She lives with her father and two sons. Claimant has the ability to shop, prepare meals, wash dishes and clothes; however, she receives help from family members. For recreation, claimant attends church, eats out occasionally, and does crafts.

R. 18. From this, the ALJ simply concluded that Plaintiff's "activities of daily living are well beyond those of an individual who is completely disabled." R. 18. As Plaintiff correctly notes, however, under Eleventh Circuit law, "participation in everyday activities of short duration, such as housework or fishing," does not disqualify a claimant from disability. Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997); see also Holman v. Barnhart, 313 F. Supp. 2d 1265, 1270 (N.D. Ala. 2004) ("[A]n applicant need not be completely bedridden or unable to perform any household chores to be considered disabled.") (internal quotation marks and citation omitted). Here, the ALJ erred by treating evidence of Plaintiff's daily activities as precluding a finding that she was disabled.

In sum, the ALJ's credibility determination concerning Plaintiff's subjective

14

allegations about the limitations of her impairments, particularly her diabetes mellitus, amounts to the type of "broad rejection" that the Eleventh Circuit has identified as inadequate to withstand judicial scrutiny. See Foote, 67 F.3d at 1561. The Court thus concludes that this provides an additional basis for remanding this case, so that the ALJ can more fully explain his reasoning as it relates to Plaintiff's subjective complaints.[6]

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 26th day of October, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6] Plaintiff requests that the Court reverse the Commissioner's decision and "order payment of benefits without the necessity for a remand." Pl.'s Br., p. 21. While remand is appropriate, the Court will not make a finding as to whether Plaintiff is disabled. Though the Court has concluded that the ALJ's consideration of the evidence and credibility determinations were deficient in multiple respects, it is not for the Court to make such determinations on its own, see Moore, 405 F.3d at 211, which it would have to do in order to award benefits to Plaintiff without a remand.

15